**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allied World National Assurance Company, <br><br> Plaintiff, <br><br> v. <br><br> Collin Reeves, et al., <br><br> Defendants. | No. CV-23-01794-PHX-ROS <br><br> **ORDER** |

Before the Court is a Motion to Consolidate Cases from Defendants Zoe Torres, Christopher Dillard, and Shannon Dillard (the "Moving Defendants"). (Doc. 77). The Moving Defendants argue this case should be consolidated with *XL Insurance America, Inc. v. Reeves et al.*, No. 2-25-cv-00017-DJH (hereafter "*XL Insurance America*"), where the Moving Defendants have filed a similar motion. (*XL Insurance America* at Doc. 25). Plaintiff Allied World National Assurance Company ("Allied World") and XL Insurance America Incorporated ("XL") have responded in both cases stating they do not oppose consolidation. (Docs. 78; 79; *XL Insurance America* at Docs. 31; 32).

Rule 42(a)(2) of the Federal Rules of Civil Procedure states if an action before the court "involves a common question of law or fact" the court may consolidate the actions. Fed. R. Civ. P. 42(a)(2). District courts have "broad discretion" under Rule 42 "to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). District courts should also construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Local Rules

provide several factors that may be considered in determining the judge to whom the case or cases will be assigned, including: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d).

Allied World and XL seek declaratory judgements against identical defendants regarding insurance rights arising from the same accident, which strongly supports consolidation. The Court acknowledges it has already ruled on some substantive matters by deciding Arizona law applies to the Allied World-issued Commercial Umbrella Liability policy no. 0306-9798 ("Allied World Policy") in this case. (*See* Doc. 68). In its Complaint, XL notes its disagreement with this ruling and argues Texas law should govern the interpretation, application, and enforcement of the XL-issued Following Form Excess Liability Policy number US00086418LI18A ("XL Excess Policy") in its case. (*See XL Insurance America* at Doc. 1 at ¶ 47). However, neither Allied World nor XL have opposed consolidating these cases. The parties will have an opportunity to brief the choice of law issues with respect to the XL Excess Policy and that does not appear to be a reason to decline consolidation of these cases.

Allied World filed this matter before *XL Insurance America*. Thus, this case is "reasonably viewed as the lead or principal case." LRCiv 42.1(d)(3). Given the above, the Court finds consolidation and assigning the consolidated case to this Court is proper. See Fed. R. Civ. P. 42(a); *Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *2 (D. Ariz. Mar. 11, 2009) (citing LRCiv 42.1) (assigning consolidated cases to the court who considered the motion for consolidation and was assigned the case that was filed first).

Accordingly,

**IT IS ORDERED** that the Moving Defendants' Motion to Consolidate Cases (Doc. 77) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall consolidate these two matters: *XL Insurance America, Inc. v. Reeves et al.*, No. 2-25-cv-00017-DJH and *Allied*

*World National Assurance Company v. Reeves et al.*, 3:23-cv-01794-ROS, under the case number 3:23-cv-01794-ROS.

**IT IS FURTHER ORDERED** all future filings pertaining to these cases shall be filed in *Allied World National Assurance Company v. Reeves et al.*, 3:23-cv-01794-ROS.

Dated this 25th day of March, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge